IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENDRA LANAYE LOVING, )
)
    Plaintiff, )
)
vs. ) Civil No. 15-cv-914-CJP[1]
)
COMMISSIONER of SOCIAL )
SECURITY, )
)
    Defendant. )

## **MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

This matter is now before the Court on the Defendant's Motion to Remand. (Doc. 32).

Defendant asks the Court to remand this case to the Commissioner for further administrative action pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). A sentence six remand (as opposed to a sentence four remand) provides that "[t]he Court may, on motion of the Commissioner made for good cause shown before she files her answer, remand the case to the Commissioner for further action by the Commissioner." See *Melkonyan v. Sullivan*, 501 U.S. 89, 101 n.2 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993). A sentence six remand is appropriate where procedural difficulties, such as an inaudible hearing tape, incomplete record, or a lost file, necessitate a request for remand by the Commissioner. The joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980 (to the Social

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 23.

Security Act) intended that such procedural defects be considered "good cause" for remand. H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Here, the Office of Hearings Operations has informed defendant that remand is needed because plaintiff's file cannot be located.

The pro se plaintiff filed this case over three years ago. Defendant moved for a sentence six remand in December 2015 because the agency's file was incomplete with over twenty exhibits missing. The Court granted that motion the day after it was filed. See, Doc, 19. Plaintiff's application was again denied in February 2018. See, Doc. 26. The Court urges the agency to expedite this case on remand.

The Court notes that a sentence six remand does not prejudice plaintiff. On the contrary, if plaintiff were to prevail in this Court, the relief awarded would almost certainly be a remand for further proceedings. See, *Rucker v. Astrue*, 414 Fed. Appx. 844, 845 (7th Cir. 2011), citing Briscoe *ex rel. Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005).

For good cause shown, Defendant's Motion to Remand **(Doc. 32)** is **GRANTED**.

The final decision of the Commissioner of Social Security denying Kendra Lanae Loving's application for social security benefits is REMANDED to the Commissioner for additional proceedings, pursuant to six of 42 U.S.C. § 405(g). Upon receipt of the Court order of remand, the Appeals Council will remand the case to an administrative law judge for a de novo hearing and a new decision.

The Clerk of Court shall keep this case open.

**IT IS SO ORDERED.**

DATE:   November 2, 2018.

**s/ Clifford J. Proud**  
**CLIFFORD J. PROUD**  
**U.S. MAGISTRATE JUDGE**