IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRA L.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-914-MAB[2] |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This appeal from the Social Security Commission's denial of disability benefits is before the Court on the Commissioner's Motion to Dismiss for Lack of Prosecution (Doc. 62). For the reasons set forth below, the Commissioner's motion is **GRANTED** (Doc. 62) and this action is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## BACKGROUND

Plaintiff initially filed this matter on August 17, 2015 (Doc. 1). This case was subsequently remanded to the Commissioner for additional proceedings in November 2018 (Doc. 33). Although on remand, this case remained open and the parties filed

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to Magistrate Judge Proud for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (Doc. 7). This case was subsequently transferred to Magistrate Judge Wilkerson (Doc. 34), before being transferred to the undersigned in February 2020 (Doc. 39).

numerous status reports apprising the Court of the status of the case on remand (*See generally* Docs. 33, 36, 38, 41, 43, 45, 47, 49, 50). Following the Administrative Law Judge's decision on September 29, 2021, Plaintiff was instructed that she could reopen this case if she sought to pursue federal review of the agency's decision (Doc. 51). However, after several months without any such motion, the Court closed this case on April 5, 2022 (Doc. 52).

Thereafter, Plaintiff moved to reopen this case on August 11, 2023 (Doc. 54), and the Commissioner did not object to the motion (Doc. 55). The Court granted Plaintiff's motion and reopened this case on August 22, 2023 (Doc. 56). The Commissioner filed the certified administrative record on October 19, 2023 (Doc. 57). On October 20, 2023, the Court entered the social security briefing schedule, which provided that Plaintiff's brief was due by November 20, 2023 (Doc. 58). However, Plaintiff did not file a brief with the Court or request an extension of time to do so. Consequently, on December 11, 2023, the Court entered an Order *sua sponte* extending the deadline for Plaintiff to file her brief until December 22, 2023 (Doc. 59). The Court also directed the Commissioner to move for a clerk's entry of default under Federal Rule of Civil Procedure 55(a) if Plaintiff failed to comply with the new deadline.

To date, Plaintiff has not filed her brief or offered any explanation to the Court for this delay. Moreover, the Commissioner moved for a clerk's entry of default on December 27, 2023 (Doc. 60). The Clerk entered default against Plaintiff that same day (Doc. 61). One day later, on December 28, 2023, the Commissioner filed the instant motion to dismiss for lack of prosecution pursuant to Rule 41(b) (Doc. 62).

## ANALYSIS

Under Federal Rule of Civil Procedure 41(b), "a defendant may move to dismiss the action or any claim against it" if the plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). A dismissal under this rule is an adjudication on the merits. *Id.* "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

Plaintiff is proceeding *pro se*, and the Court is aware of the challenges she faces in doing so. But those difficulties do not excuse her from complying with Court orders and deadlines. Here, Plaintiff moved to reopen this case and was permitted to do so almost two years after the ALJ's decision was issued (*See* Docs. 51, 52, 54, 56). After such a lengthy delay, Plaintiff then failed to comply with the Court's Order and timely file her brief. While this too could be excused for good cause, Plaintiff did not move for an extension and did not respond even after the Court *sua sponte* provided her with an extension and warned of the consequences if she failed to comply (Doc. 59). Similarly, Plaintiff failed to respond to the Commissioner's Motion to Dismiss for Lack of Prosecution (Doc. 62). Quite simply, Plaintiff had ample warning and opportunity to file her brief and/or provide some explanation for the delay, and she has repeatedly failed

to do so. *See Harvey C. v. Saul*, No. 3:21-CV-01282-NJR, 2023 WL 158939, at *1 (S.D. Ill. Jan. 11, 2023) (granting the Commissioner's motion to dismiss for failure to prosecute and dismissing with prejudice pursuant to Rule 41(b) when the *pro se* plaintiff failed to comply with multiple court orders).

Under the circumstances presented here, the Court finds that Plaintiff has failed to comply with its orders and failed to prosecute this matter. *See Ezebuiroh v. Doe*, No. 19-CV-01042-JPG, 2021 WL 3660877, at *3 (S.D. Ill. July 16, 2021) ("The Court will not allow this matter to linger any longer. Plaintiff has failed to comply with numerous court orders and has also failed to prosecute his claims."). Consequently, the Commissioner's Motion to Dismiss for Lack of Prosecution (Doc. 62) is **GRANTED** and this action is **DISMISSED with prejudice** pursuant to Rule 41(b). S*ee also James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005).

## Conclusion

For the reasons discussed above, the Commissioner's Motion to Dismiss for Lack of Prosecution is **GRANTED** (Doc. 62) and this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED,** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

If Plaintiff wishes to contest this Order, she has two options. She can ask the Seventh Circuit to review the order, or she can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit. *See Harvey*, 2023 WL 158939 at *1.

If Plaintiff chooses to go straight to the Seventh Circuit, she must file a notice of appeal *within 60 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, she should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) why the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760-61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819-20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.